**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical LLC, | No. MC-26-00012-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Fusion Orthopedics LLC, | |
| Defendant. | |
| Henry Schein, Inc., | |
| Movant. | |

Pending before the Court is Henry Schein, Inc.'s ("Henry Schein") Motion to Quash Subpoenas and for a Protective Order (Doc. 1) related to Fusion Orthopedics, LLC's ("Fusion") Subpoena Duces Tecum and Subpoena to Testify (the "Subpoenas") (Doc. 1-1). For the reasons discussed below, Henry Schein's motion is granted.

## BACKGROUND

On April 28, 2022, Extremity Medical LLC filed its complaint against Fusion in the underlying litigation, alleging one count of patent infringement of United States Patent No. 11,298,166 (the "'166 Patent") under 35 U.S.C. § 1 *et seq. Extremity Med. LLC v. Fusion Orthopedics, LLC*, No. 2:22-cv-00723, ECF No. 1 (D. Ariz. 2022) [the "Infringement Action"].[1] The '166 Patent is for a medical device: a bone fusion assembly

---

[1] Citations to the Infringement Action's docket will be formatted as follows: (IA [ECF No.] at [page number]).

used for treating damaged or fractured human bones.  (IA 1 at 3).  Fusion has since filed counterclaims for declaratory judgments of non-infringement and of invalidity of the '166 Patent.  (IA 30 at 8-9).

In December 2023, Henry Schein entered a "strategic relationship" with Extremity in December 2023 involving  "foot and ankle products."  (Doc. 6 at 1; Doc. 1 at 8-9).  An Extremity employee testified that the status of the Infringement Action was discussed during Extremity's "quarterly meetings to review various topics throughout the company," which were attended by Henry Schein personnel.  (Doc. 6-3 at 4-7).

In June 11, 2025, Fusion served Henry Schein with the Subpoenas, requesting compliance with the subpoena duces tecum by June 13, 2025, and with the subpoena to testify by June 26, 2025 by appearing at a deposition in Dallas, Texas.  (Doc. 1 at 9; Doc. 1-1 at 3-4).  The Subpoenas list nine requests for documents ("Document Requests") and nineteen topics for a Rule 30(b)(6) deposition ("Deposition Topics").  (Doc. 1-1 at 16-19).

## DISCUSSION

### I.    Legal Standard

Federal Rule of Civil Procedure 45 allows the district court in which an action is pending to issue a subpoena commanding a non=party "to attend and testify" at a deposition and to "produce designated documents, electronically stored information, or tangible things in that [non-party]'s possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The non-party may respond with written objections, including assertions of privilege.  Fed. R. Civ. P. 45(d)(2)(B), (e).  The non-party may also object by filing a motion to quash or modify a subpoena.  Fed. R. Civ. P. 45(d)(3).

On such a motion, "the court for the district where compliance is required" has the power to quash or modify a subpoena.  *Id.*  The court of compliance may transfer the motion to the issuing court with the consent of "the person subject to the subpoena," thus giving the transferee court the power to rule on the motion.  Fed. R. Civ. P. 45(f).  As relevant here, the court "must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  While "[t]he moving party bears the burden of

persuasion on a motion to quash, . . . the party issuing the subpoena must demonstrate that the discovery is relevant." *In re Rule 45 Subpoenas Issued to Google LLC and LinkedIn Corp.*, 337 F.R.D. 639, 645 (N.D. Cal. 2020); *Pravati Cap. LLC v. Moore*, No. CV-24-02119, 2024 WL 4299400, at *1 (D. Ariz. 2024).

In the context of non-party subpoenas, the relevance standard "is no different than the test under Rules 26 and 34." *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 385 F. Supp. 3d 863, 873 (D. Ariz. 2019). The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," with such relevance further limited by the proportionality of the discovery sought to the needs of the case. Fed. R. Civ. P. 26(b)(1), 26(b)(5)(A). Proportionality depends on "the importance of the issues . . . , the amount in controversy, . . . relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even further, the scope of discovery does not include information that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Finally, when weighing a non-party's burden "against the value of the information to the serving party," the Court should "afford . . . special consideration" to the non-party by considering relevance, proportionality, "the need of the party for the documents, the breadth of the document request, the time period covered by it, [and] the particularity with which the documents are described." *Aquastar Pool Prods. Inc. v. Paramount Pool & Spa Sys.*, No. CV-19-00257, 2019 WL 250429, at *3 (D. Ariz. Jan. 17, 2019) (quoting *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012)).

**II.    Analysis**

Here, Fusion's Subpoenas must be quashed for two reasons.[2] First, the Court quashes the Subpoenas to the extent that they seek information that is available publicly or through Extremity, as a party to the litigation. Fed. R. Civ. P. 26(b)(2)(C). Henry Schein

---

[2] Because these reasons resolve the issues here, the Court does not address the parties' other arguments.

raises this objection to all but two of the document requests and to all but three of the deposition topic requests (Doc. 1 at 12-18; Doc. 7 at 5-6). As such, the Court quashes several requests in their entirety:

- Deposition Topic 5 and Document Request 5, which seek "[a]ll patent licenses related to orthopedic medical devices to which Extremity is a party";

- Deposition Topic 6 and Document Request 6, which seek information related to "Extremity's patent licensing practices or patent licensing policies related to orthopedic medical devices";

- Deposition Topic 8 and Document Request 8, which seek information related to "Extremity's market share in the foot and ankle medical device industry";

- Deposition Topic 10, which seeks testimony about "[t]he business of Extremity, including its organizational structure, membership information, client customer base, history, origin, revenues, and profits, and all past and present directors, members, managers, officers, employees, agents, and representatives (including distributors, sales representatives, consultants, and attorneys) of Extremity, as well as competitors of Extremity, Extremity's market share, Extremity's available products, and the market share and available products of Extremity's competitors";

- Deposition Topic 16, which seeks testimony about "Extremity's causes of action in" the Infringement Action, "including the factual and legal bases for any claim of liability for patent infringement, willfulness, or damages, and any documents produced by Extremity or in Extremity's possession, custody or control regarding the same";

- Deposition Topic 17, which seeks testimony about "Any information or documents related to other lawsuits or intellectual property disputes relating to Extremity, [and individuals associated with Extremity] . . . including but not limited to the patents at issue, the products at issue, and the result or any settlement of such dispute"; and

- Deposition Topic 18, which seeks testimony about "[a]ny settlement agreements or other agreements between Extremity and any other entity or individual related to patents or intellectual property, as well as any offers for settlement regarding the same, or draft agreements regarding the same."

(Doc. 1-1 at 17-19). All information sought under each of these topics and requests appears to be publicly available or obtainable through Extremity, such that Henry Schein would be unduly burdened by having to comply with the Subpoenas. Fed. R. Civ. P. 26(b)(2)(C),

45(d)(3)(A)(iv). This is also true as to some of the discovery sought under Document Requests 1, 2, 7, and 9, and Deposition Topics 1, 2, 7, 9, 11, 12, 13, 14, and 15, which therefore must be quashed, in part. Fed. R. Civ. P. 26(b)(2)(C), 45(d)(3)(A)(iv). Fusion does not respond to Henry Schein's objections on this basis. (*See* Doc. 6).

Second, as to the remaining Deposition Topics and Document Requests, Fusion fails to demonstrate that the information it seeks is relevant or proportional to any of the Infringement Action's claims, counterclaims, or defenses. (*See id.*). As Henry Schein correctly observes in its specific objections to each of Fusion's requests, the Subpoenas are "far-reaching" and "seek information that is not relevant to any party's claims or defenses in the" Infringement Action. (Doc. 1 at 18-28; Doc. 7 at 3-4). The remaining Deposition Topics and requests are:

- Deposition Topic 1 and Document Request 1, which seek documents and knowledge related to the Infringement Action or *inter partes* review ("IPR") that are not publicly available or obtainable through Extremity;

- Deposition Topic 2 and Document Request 2, which seek "[a]ny analysis, notes, or evaluation related to the [Infringement Action] or IPR Proceedings between Extremity and Fusion" that are not publicly available or obtainable through Extremity;

- Deposition Topic 3 and Document Request 3, which seek "[a]ll patent licenses related to orthopedic medical devices to which Henry Schein is a party";

- Deposition Topic 4 and Document Request 4, which seek "[a]ll documents related to Henry Schein's patent licensing practices or patent licensing policies related to orthopedic medical devices";

- Deposition Topic 7 and Document Request 7, which seek "[a]ny analysis, notes, or evaluation related to Extremity's patent portfolio or any of its patents" that is not publicly available or obtainable through Extremity;

- Deposition Topic 9 and Document Request 9, which seek information related to "Henry Schein's profit margin in the foot and ankle medical device industry";

- Deposition Topic 11, which seeks "[a]ny information related to the value of the '166 Patent or any basis to claim that products embodying the claims of the '166 Patent would have more value than other non-infringing products" that is not publicly available or obtainable through Extremity;

- Deposition Topic 12, which seeks "[a]ny non-infringing alternatives to the '166 Patent, including but not limited to its IO FIX products or the Accused Product" that are not publicly available or obtainable through Extremity;

- Deposition Topic 13, which seeks testimony regarding "[t]he circumstances and facts relating to [Henry Schein's] first knowledge of Fusion and any facts related to Fusion's purported infringement of the '166 patent," that are not publicly available or obtainable through Extremity;

- Deposition Topic 14, which seeks "[a]ll communications between" Henry Schein "and any other third party regarding '166 Patent, the [Infringement Action], or the IPR";

- Deposition Topic 15, which seeks "[a]ll communications and documents related to Mr. Adam Cundiff, Mr. Nathan Peterson, or Fusion" that are not publicly available or obtainable through Extremity; and

- Deposition Topic 19, which seeks "[i]dentification and authentication of all documents related to [T]opics 1-18, and/or produced by Henry Schein pursuant to this subpoena."

(Doc. 1-1 at 16-19).

Fusion fails to demonstrate that any of this sought discovery is relevant and proportional to the needs of the Infringement Action. First, Deposition Topics 3, 4, and 9, and Document Requests 3, 4, and 9 are facially irrelevant. Henry Schein is not a party to the Infringement Action, such that its licenses, patents, and profit margins appear to have no bearing on any issues in the case. Fed. R. Civ. P. 26(b)(1). Fusion, again, does not make any argument to the contrary. (*See* Doc. 6).

Second, Fusion only makes conclusory allegations about the relevance of the information it seeks through Deposition Topics 1, 2, 7, 11, 12, 13, 14, 15, and 19, and Document Requests 1, 2, and 7, regarding Henry Schein's communications about, knowledge of, analysis of, or evaluation of the Infringement Action, IPR, "Extremity's patent portfolio," related "non-infringing alternatives," Fusion, and Fusion's alleged infringement. (*See id.* at 1-3; Doc. 1-1 at 16-18;). Fusion's argument concerns this information generally and collectively, claiming that it "is relevant to this case and necessary for Fusion to understand" Henry Schein's analysis of the Infringement Action, "the infringement analysis, and the potential value of the patent in suit or the damages" in

the Infringement Action. (Doc. 6 at 3). Fusion claims that it wants to know Henry Schein's "analysis of the merits of this litigation" because it speculates that Henry Schein "would have done some analysis or valuation of this litigation" because Henry Schein's personnel were present at the quarterly meetings where Extremity discusses company issues, including the Infringement Action. (*Id.*; Doc. 6-3 at 4-7).

But Fusion does not claim that Henry Schein has any involvement with the '166 Patent aside from receiving information at those quarterly meetings.[3] (*See* Doc. 6). Nor does it explain how Henry Schein's analysis of the Infringement Action's merits, the IPR, or any other part of Extremity's patent portfolio would have any bearing on any claim, counterclaim, or defense in the Infringement Action. (*See id.*). Similarly, Fusion's bald assertion that it "simply needs to understand the relationship between Extremity and [Henry] Schein" (*id.* at 3) does not demonstrate what bearing that relationship—formed over a year after Extremity's Complaint was filed—would have on the Infringement Action. By failing to meaningfully connect any of the sought discovery to any issue in the Infringement Action, Fusion fails to demonstrate relevance or proportionality as required by Rule 26 and Rule 45. In other words, Fusion has failed to meet its threshold burden of establishing relevance such that the remaining extent of the Subpoenas must be quashed.[4] *In re Rule 45 Subpoenas*, 337 F.R.D. at 645; *Pravati Cap.*, 2024 WL 4299400 at *1.

Accordingly, the Court must quash Fusion's Subpoenas because Henry Schein, as a non-party, would be inherently unduly burdened if forced to comply with Subpoenas seeking information otherwise available or irrelevant. Fed. R. Civ. P. 45(d)(3)(A)(iv). Henry Schein does not need to comply with the Subpoenas and Fusion may not seek any further discovery from Henry Schein unless it can meaningfully articulate to the Court the relevance of such discovery to the Infringement Action under the Federal Rules of Civil

---

[3] Fusion claims that Henry Schein "requested quarterly updates from Extremity regarding the details of" the Infringement Action (Doc. 6 at 2), but this assertion is not supported by the excerpted testimony from Extremity's employee that Fusion cites as the basis for its knowledge about Henry Schein's involvement in the quarterly meetings (*see* Doc. 6-3).

[4] This includes Deposition Topic 19, which is entirely dependent on Deposition Topics 1-18 (Doc. 1-1 at 19) and therefore is equally otherwise available or irrelevant, and thus must be quashed as unduly burdensome.

Procedure.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Movant Henry Schein, Inc.'s Motion to Quash Subpoenas and for a Protective Order (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court terminate this miscellaneous action.

Dated this 3rd day of June, 2026.

_____
G. Murray Snow
Senior United States District Judge